## No. 2753.

### H. PEYCHAUD, Liquidator, v. ARNOLD WEBER.

25 133
48 1259

On a motion to dismiss an appeal on the ground that the matter in dispute does not exceed five hundred dollars, the amount of defendant's liabilities on a stock note as stockholder in a company will determine the jurisdiction of the court and not the percentage claimed thereon. It must be first ascertained if he is liable on the stock note itself, as alleged in the petition.

When the object of a suit is to provide the means of paying the debts of a company, it is unnecessary to decide on an exception to the jurisdiction, whether the State courts can settle the affairs of an insolvent corporation.

A stockholder can not, when sued, call into question the name borne by a company and mentioned in his stock note at the time it was given, and it rests with him to show that the contribution called for is not needed.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *A. & P. Robert,* for plaintiff and appellee. *M. Grivot,* for defendant and appellant.

ON MOTION TO DISMISS THE APPEAL.

Justices concurring : Ludeling, Taliaferro, Howe.

LUDELING, C. J. The appellee has moved to dismiss this appeal on the ground that the matter in dispute does not exceed five hundred dollars.

The plaintiff sued defendant to make him contribute twenty per centum on his stock note, which plaintiff avers defendant executed in favor of the Great Southern and Western Life Accident Marine and Fire Insurance Company for $800.

The defendant denied any indebtedness to the plaintiff. It seems clear that before decreeing the defendant to pay the twenty per centum demanded now, it must be ascertained whether he is liable as a stockholder to the extent of $800, as alleged in the petition. The matter in dispute then exceeds five hundred dollars. 2 An. 909, Williams v. Vance; 15 An. 521, N. S; and T. R. R. Co. v. Hamilton. Article 74 Constitution.

It is therefore ordered that the motion to dismiss be overruled.

WYLY, J., *dissenting.* The plaintiff, the liquidator of an insolvent insurance company, alleges that when he took charge of the corpora-

tion there were no funds to pay its debts, which amounted to some forty thousand dollars; "that your petitioner in his official capacity demanded from each of the stockholders of said compary payment into his hands of a sum equal to twenty per cent. on the amount due on their stock notes, with which demand said stockholders have refused and neglected to comply. That Arnold Weber of this city is a subscriber to said corporation for ten shares of its stock and has furnished, given and delivered to said corporation his stock note for the sum of eight hundred dollars, dated eighteenth April, 1867, and payable on demand. "That said Arnold Weber is therefore indebted to said company, according to the call made by your petitioner, in the sum of one hundred and sixty dollars, being twenty per cent. on the amount of his said note, and being his proportion towards the payment of the debts of said company.

Wherefore petitioner prays, the premises being considered, that the said Arnold Weber be cited herein, and that after due proceedings had he be condemned to pay your petitioner, in his official capacity. the sum of one hundred and sixty dollars with legal interest from judicial demand and costs of suit."

The answer is a general denial, and a special denial that the defendant is a stockholder and in any manner responsible for the debts of the corporation as charged; "and if further answer be necessary, this respondent denies that plaintiff has any cause of action against him, and even were he a stockholder in said insurance company, he could not be held responsible as charged, as the plaintiff has not filed a tableau or statement of the claims against said association, whether real or pretended, so as to enable the stockholders to ascertain what proportion each stockholder would have to contribute towards the payment or liquidation of said indebtedness, and it is only by that means that a necessity of a contribution can be shown as against the stockholders and the amount to be paid. Wherefore he prays to be dismissed hence with costs "

From the pleadings it will be observed that the suit is for a money judgment. The matter in dispute is the sum demanded of the defendant. That sum the plaintiff alleges is one hundred and sixty dollars, and for which he prays judgment.

There is no reconventional demand set up, the prayer of the answer being simply that the defendant "be dismissed hence with costs."

The contest is, not to determine whether or not the defendant subscribed for ten shares of stock and executed the note; that might be, and yet plaintiff would have no cause of action, as in case the company had assets sufficient to pay its debts, or in the event its creditors should permit their claims against the corporation to become prescribed, voluntarily remitted, or otherwise extinguished.

Peychaud, Liquidator, v. Weber.

The prayer of the petition is, not for a decree that the defendant is a stockholder and has executed a certain note, but that the defendant " be condemned to pay your petitioner one hundred and sixty dollars with legal interest from judicial demand and costs of suit."

The prayer of the petition determines the character of the action. In it we also ascertain the sum in controversy.

It matters not out of what contract the sum demanded arose; whether it is part of a large or a small contract; whether the note in a suit is one of a series executed in a large contract of sale or not, it is the sum demanded in the suit; it is the amount of the note, if that be the basis of the action, regardless of the dimensions of the contract of sale out of which it sprung, that constitutes the amount in controversy, and the amount in controversy and not the dimensions of the contract out of which it arose, must alone be considered in ascertaining the jurisdiction of this court. Very often in large contracts, small sums are required to be paid in installments; yet in a suit to enforce the payment of one installment, I apprehend the amount of that installment, and not the amount of the contract out of which it proceeded, would be considered in order to ascertain the jurisdiction of the court.

In the case before us the plaintiff has no action for the amount of the note of $800. He has no right to collect that. The cause of action is not the note, it is the obligation of each stockholder to contribute his share to pay the debts of the insolvent corporation. This is the obligation sought to be enforced, and which the defendant contends should not be enforced, that forms the basis of the present action.

As a stockholder the defendant had the right to participate in the profits of the company in proportion to the amount of the stock subscribed by him, so likewise he incurred the legal obligation to contribute his share to relieve the company of its losses or debts.

This legal obligation to contribute amounts to one hundred and sixty dollars as alleged by the plaintiff. It is the amount in dispute which being less than five hundred dollars is below the jurisdiction of this court.

I believe the appeal should be dismissed for want of jurisdiction, and therefore dissent from the opinion of the majority of the court.

### On the Merits.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

HOWELL, J. The plaintiff, as commissioner of the Great Southern and Western Life, Accident, Marine and Fire Insurance Company, sues the defendant to make him contribute twenty per centum on his stock note, given to the Great Southern and Western Insurance Company.

The defendant excepts to the authority of Peychaud to represent the plaintiff company or sue on the note given to one company to pay

the debts of another, denying that any proceedings have been had against the Great Southern and Western Life and Accident Company to forfeit its charter and appoint a liquidator. He also excepts to the jurisdiction of the court *a qua* over the proceedings for the forfeiture of the charter and appointment of a commissioner, because the said proceedings showed the said company to be insolvent, and the United States District Court alone had jurisdiction thereof.

The answer to the first branch of the exceptions is that the record shows the Great Southern & Western Life, Accident, Marine and Fire Insurance Company and the Great Southern and Western Insurance Company are one and the same corporation, the names and kinds of business having been changed by notarial acts duly recorded; and that the appointment of Peychaud as commissioner embraces the affairs under each modification of the charter.

If there be any force in the second exception it comes too late. But the very object of this suit is to provide the means of paying the debts of the company, and it is unnecessary to decide whether the State courts can settle the affairs of an insolvent corporation.

Upon the merits the case is made out against the defendant. He gave his stock note to the company at the time it bore the name mentioned in the note, and it rested with him to show that the contribution called for is not needed.

Judgment affirmed.